## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EMMANUEL EDWARD SEWELL     *
#266100     *
Petitioner     *
    *
   v.     *       Civil Action No. DKC-07-667
    *
KATHLEEN GREEN, Warden, *et al.*     *
Respondents     *

oOo

## MEMORANDUM

Before the court is a  pro se 28 U.S.C. §2254 petition for federal habeas corpus relief filed by Emmanuel Edward Sewell, an inmate at the Eastern Correction Institution challenging his convictions in 1997 for first-degree burglary, first-degree sexual offense, and robbery with a dangerous and deadly weapon in the Circuit Court for Montgomery County.  Respondents, Kathleen, Green, Warden, and Douglas F. Gansler, Attorney General of the State of Maryland, by their counsel have moved to dismiss the petition as time-barred. Petitioner has filed a reply to which Respondents' counsel has responded. Upon review of the pleadings, exhibits and applicable law, the court finds that no hearing is necessary, the petition is untimely, and there is no cause to apply equitable tolling. The petition will be dismissed by separate order.

## I. Procedural  Background

Sewell pleaded guilty to the above described offenses on April 18, 1997.  On June 13, 1997, the Circuit Court for Montgomery County sentenced him to five years imprisonment for first-degree burglary, twenty years to be served consecutively for first-degree sexual offense, and ten years to be served concurrently for robbery with a dangerous and deadly weapon. Sewell did not seek leave to appeal his convictions and sentence within the thirty days allowed by law.  *See* Md. Code Ann., Cts. & Jud. Proc. Art.§ 12-302(e) (2006); Md. Rule 8-204(a).  Consequently, the judgment of

conviction became final on July 14, 1997, when the thirty-day period to file for leave to appeal expired.

Sewell commenced state post-conviction proceedings in the Circuit Court for Montgomery County on October 19, 2001. On April 15, 2002, Sewell moved for postponement of his petition for post-conviction relief. The Circuit Court for Montgomery County granted the motion on July 29, 2002. Sewell filed an amended petition for post-conviction relief on February 13, 2003. Following a hearing, the Circuit Court denied the petition on March 28, 2003. Sewell did not file for leave to appeal denial of post-conviction relief.

On August 1, 2006, Sewell filed a pleading that was construed as a motion to re-open post-conviction proceedings. The Circuit Court for Montgomery County denied the motion to re-open on October 7, 2006. Sewell filed an application to appeal this ruling on November 21, 2006, which has not been yet ruled upon by the Maryland Court of Special Appeals. Sewell filed the instant 28 U.S.C. §2254 petition for federal habeas corpus relief on March 12, 2007, almost nine years after the limitations period expired.[1]

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging noncapital state convictions. *See* 28 U.S.C. §§ 2244(d).[2]  This one-year period is tolled while properly filed post-

---

[1]Sewell's petition is undated. For the purposes of reviewing the timeliness of the petition under 28 U.S.C. §2244(d), the court deems the petition delivered to prison authorities on the date Sewell signed his handwritten cover letter sent with the petition, March 12, 2007. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D.Md. 1998)

[2]28 U.S.C. § 2244(D) provides:

> (1)      A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the

conviction proceedings are pending, and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

As  noted above, Sewell's judgment of conviction became final on July 14, 1997, when the time for filing leave to appeal expired and the one-year limitations period started to run.  There were no state post-conviction proceedings pending between July 14, 1997, and July 15, 1998, to toll the running of the limitations period.  Sewell did not initiate state post-conviction proceedings until October 19, 2001, more than three years after the one-year limitations period had expired. Given these circumstances, the instant petition for federal habeas corpus relief was filed outside the one-

---

judgment of a State court.  The limitation period shall run from the latest of-

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

year limitations period, and is untimely.

## III. Equitable Tolling

Sewell argues that equitable tolling is warranted because he was diagnosed at age seventeen with bipolar disorder and has been prescribed "various 'psychotic' medications (Lithium and Prozac, etc.)" by different doctors.  Paper No. 7. at 1.   In order to be entitled to equitable tolling, a petitioner must establish extraordinary conduct, beyond his control or external to his own conduct,  caused the delay.  *See Rouse v. Lee*, 339  F.3d 238, 246 ( 4th Cir. 2003); *Harris*, 209 F.3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Id*.  Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d  at 246.

Equitable tolling is appropriate only in exceptional circumstances of profound mental incapacity.  *See United States v. Sosa*, 364 F. 3d 507, 513. (4th Cir. 2004).  A mental condition that burdens but does not prevent a petitioner from filing a timely habeas petition does not amount an extraordinary circumstance warranting equitable tolling. *See United States v. Harris*, 268 F. Supp. 2d 500, 506 (E.D. Pa 2003).  While mental illness may form the basis of an equitable tolling argument, "without a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights," the claim is insufficient to justify equitable tolling.  *Boos v Runyan*, 201 F. 3d 178, 185 (2d. Cir.  2000).

Other than generally identifying his bi-polar diagnosis and the drugs allegedly prescribed for him, Petitioner fails to indicate the time periods when he took these medications and how they

4

prevented him from filing a timely federal habeas petition.  Plaintiff does not show how these prescribed medications so profoundly impaired him that equitable tolling is warranted.  There is no causal connection alleged or suggested here between Petitioner's mental condition and his inability to file a timely federal petition.  *See United States v. Harris*, 268 F. Supp. 2d at 506-7.

The record also shows that Petitioner pursued various claims in state court between the time his conviction became final for the purpose of running the limitations period and his filing of the instant §2254 action, thereby discrediting his assertion of profound mental impairment to pursue his rights. Paper No. 7, Exhibit 1.  Indeed, Petitioner describes his efforts to obtain state court process as "somehow [managing] to consistently and timely communicate to the courts through letters, affidavits, and petitions, the various errors/mistakes in his sentence..."  Paper No. 7 at 3. "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity."  *Brown v. McKee*, 232, F. Supp. 2d 761, 768 (E.D. MI 2002).

Petitioner also asserts that he was unable to obtain records from the state.  Assuming this to be true, it does not amount to extraordinary circumstances warranting the application of equitable tolling nor explain why the instant federal petition was received nearly nine years after the limitations period expired.  Petitioner's claim that he lacks familiarity with the legal process may not be used to justify equitable tolling. *See Sosa*, 364 F.3d at 512 (4th Cir. 2004).

Lastly, to the extent Petitioner suggests that trial counsel error might be responsible for his untimely filing, this claim is unavailing. Paper 7 at 2.  Other than Petitioner's unsubstantiated and general assertion that trial counsel "allowed" the time to file an appeal to expire, he fails to explain

how his attorney's alleged deficiency caused him to file the instant federal petition out of time.

   Petitioner fails to show diligence in pursing his federal habeas rights or demonstrate exceptional circumstances prevented timely filing.   He thus fails to meet his burden to demonstrate that equitable tolling is warranted.[3]

## IV.  Conclusion

   For these reasons, the court finds the 28 U.S.C. § 2254 motion for habeas corpus relief time-barred, and will deny the Petition by separate Order.


      June 13, 2007                              _____/s/_____
Date                                             DEBORAH K. CHASANOW
                                                 United States District Judge

---

[3]Insofar as Petitioner claims that prison personnel are unlawfully interfering with his receipt of mail, he may raise these concerns in a 42 U.S.C. § 1983 civil rights complaint. The Court will direct the Clerk to mail a 42 U.S.C. § 1983 forms and information packet to Petitioner.  These claims do not, however, warrant application of the sparing doctrine of equitable tolling.